**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-80049-CR-MARRA/MATTHEWMAN**

**UNITED STATES OF AMERICA,**

**v.**

**SALOMON E. MELGEN,**

**Defendant.**

________________________________ /

**DR. MELGEN'S PROPOSED JURY INSTRUCTIONS**

Defendant Salomon E. Melgen, M.D. hereby submits the attached set of proposed jury instructions. Appended to the end of each defense instruction is a list of citations to authorities supporting the instruction.

Respectfully submitted,

/s/ Matthew Menchel
Matthew I. Menchel, Bar. No. 12043
KOBRE & KIM LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
(305) 967-6108 (tel)
(305) 976-6128 (fax)
Matthew.Menchel@kobrekim.com

Kirk Ogrosky (*pro hac vice*)
Murad Hussain (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5330 (tel)
(202) 942-5999 (fax)
Kirk.Ogrosky@apks.com
Murad.Hussain@apks.com

*Counsel for Defendant Salomon E. Melgen, M.D.*

February 21, 2017

INSTRUCTION NO. 1

Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

(Eleventh Circuit Pattern Jury Instructions (Criminal Cases) ("2016 11th Cir. Crim. Instrs.") B1 (Introduction) (2016 ed.).)

INSTRUCTION NO. 2

Duty to Follow Instructions And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against Dr. Melgen or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. Dr. Melgen does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find Dr. Melgen not guilty.

(2016 11th Cir. Crim. Instr. B2.1.)

**[ALTERNATE INSTRUCTION NO. 2]**

The Duty to Follow Instructions and the Presumption of Innocence
When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against Dr. Melgen or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against Dr. Melgen isn't evidence of guilt. The law presumes every defendant is innocent. Dr. Melgen does not have to prove his innocence or produce any evidence at all. Dr. Melgen does not have to testify, and if Dr. Melgen chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find Dr. Melgen not guilty.

(2016 11th Cir. Crim. Instr. B2.2.)

INSTRUCTION NO. 3

Definition of “Reasonable Doubt”

The Government’s burden of proof is heavy, but it doesn’t have to prove a Defendant's guilt beyond all possible doubt. The Government’s proof only has to exclude any “reasonable doubt” concerning the Defendant's guilt.

A “reasonable doubt” is a real doubt, based on your reason and common sense after you’ve carefully and impartially considered all the evidence in the case.

“Proof beyond a reasonable doubt” is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

(2016 11th Cir. Crim. Instr. B3.)

INSTRUCTION NO. 4

Consideration of Direct and Circumstantial Evidence, Argument of Counsel;
Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

(2016 11th Cir. Crim. Instr. B4.)

INSTRUCTION NO. 5

Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

(2016 11th Cir. Crim. Instr. B5.)

INSTRUCTION NO. 6

Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

(2016 11th Cir. Crim. Instr. B6.1.)

INSTRUCTION NO. 7

Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

(2016 11th Cir. Crim. Instr. B7.)

INSTRUCTION NO. 8

“On or About”

You’ll see that the indictment charges that a crime was committed “on or about” a certain date. The Government doesn’t have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

(2016 11th Cir. Crim. Instr. B9.1A.)

INSTRUCTION NO. 9

Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

(2016 11th Cir. Crim. Instr. B11.)

INSTRUCTION NO. 10

Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

(2016 11th Cir. Crim. Instr. B12.)

INSTRUCTION NO. 11

Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

(2016 11th Cir. Crim. Instr. S5.)

INSTRUCTION NO. 12

Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that Dr. Melgen is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that Dr. Melgen committed the charged offenses.

(2016 11th Cir. Crim. Instr. S12.)

INSTRUCTION NO. 13

Introduction to Offense Instructions

The indictment charges 76 separate crimes, called “counts,” against the Defendant. Each count has a number. You’ll be given a copy of the indictment to refer to during your deliberations.

Counts 1-76 charge that the Defendant committed what are called “substantive offenses,” specifically healthcare fraud, making false or fraudulent claims, and providing false statements relating to healthcare matters. I will explain the law governing those substantive offenses in a moment.

(2016 11th Cir. Crim. Instr. B8.)

INSTRUCTION NO. 14

Healthcare Fraud
18 U.S.C. § 1347

It's a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a healthcare benefit program, or to get any of the money or property owned by, or under the custody or control of, a healthcare benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

1) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a healthcare benefit program, or to obtain money or property owned by, or under the custody or control of, a healthcare benefit program, by means of false or fraudulent pretenses, representations, or promises;

2) the healthcare benefit program affected interstate commerce;

3) the false or fraudulent pretenses, representations, or promises related to a material fact;

4) the Defendant acted willfully and intended to defraud; and

5) the Defendant did so in connection with the delivery of or payment for healthcare benefits, items, or services.

Here, "healthcare benefit program" means the Medicare Part B program.

A healthcare program affects interstate commerce if the healthcare program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the healthcare program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree. The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. In other words, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation. Proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the many cases based on non-compliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those

requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.

To act with "intent to defraud" means to do something with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

(Healthcare fraud instruction taken from 2016 11th Cir. Crim. Instr. O53, with the exception of the "materiality" definition, modified to reflect the definition used in *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002-04 (2016) ("The term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. . . . Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation. . . . [P]roof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on non-compliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." (quotation marks, citations, and brackets omitted)). Definitions of "knowingly" and "willfully" are inserted from 2016 11th Cir. Crim. Instr. B9.1A.)

INSTRUCTION NO. 15

False Claims Against the Government
18 U.S.C. § 287

It's a Federal crime to knowingly make a false claim against any department or agency of the United States.

The Centers for Medicare and Medicaid Services is a department or agency of the United States. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) the Defendant knowingly presented a false claim against the United States to an agency of the United States;

2) the claim was based on a false or fraudulent material fact; and

3) the Defendant acted intentionally and knew that the claim was false and fraudulent.

A claim is "false" or "fraudulent" if it is untrue when [made][presented] and the person [making][presenting] it knows it is untrue. But the Government doesn't have to show that the Centers for Medicare and Medicaid Services was in fact deceived or misled.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

It's not a crime to make a false claim unless the falsity or fraudulent aspect relates to a material fact. A misrepresentation is "material" if it contains a "material fact" that is false. A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing the Centers for Medicare and Medicaid Services in reaching a required decision.

The defendant does not have to directly submit the claim to an employee or agency of the United States. It is sufficient if the defendant submits the claim to a third party knowing that the

third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

(Adapted from 2016 11th Cir. Crim. Instr. O11.2, with definition of "knowingly" inserted from 2016 11th Cir. Crim. Instr. B9.1A.)

INSTRUCTION NO. 16

False Statements Relating to Healthcare Matters
18 U.S.C. § 1035

It is a crime for anyone, in any matter involving a healthcare benefit program, to knowingly and willfully make materially false statements relating to healthcare. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) That the defendant falsified, concealed, or covered up by any trick, scheme, or device a material fact, or made a materially false, fictitious, or fraudulent statement or representation, or made or used any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

2) That the defendant did so in connection with the delivery of or payment for healthcare benefits, items, or services involving a healthcare benefit program; and

3) That the defendant did so knowingly and willfully.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. In other words, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation. Proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in many cases based on non-compliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that

certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.

Here, the "healthcare benefit program" was the Medicare Part B program.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

(Adapted from Committee on Pattern Jury Instructions of the District Judges Association, *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* 2.50 (False Statements Relating to Health Care Matters) (2015 ed.) (citations omitted); definitions of "false"/ "fraudulent" and "material fact" taken from 2016 11th Cir. Crim. Instr. O53, modified to reflect the definition of "materiality" used in *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002-04 (2016) ("The term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. . . . Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation. . . . [P]roof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on non-compliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." (quotation marks, citations, and brackets omitted)). Definitions of "knowingly" and "willfully" are inserted from 2016 11th Cir. Crim. Instr. B9.1A.)

INSTRUCTION NO. 17

"Good Faith" Defense

"Good faith" is a complete defense to a charge that requires proof beyond a reasonable doubt that the Defendant acted with intent to defraud or that the Defendant acted willfully, that is, with the bad purpose to disobey or disregard the law. Good faith is therefore a complete defense to the charges of healthcare fraud and false statements relating to healthcare matters.

A defendant isn't required to prove good faith. The Government must prove intent to defraud and willfulness beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be evidence of fraudulent intent or evidence of willfulness – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent or willfulness.

*[Evidence that Dr. Melgen in good faith followed the advice of counsel would be inconsistent with an intent to defraud or willfulness. Unlawful intent has not been proved if Dr. Melgen, before acting:*

- *made a full and complete good faith report of all material facts to an attorney he or she considered competent;*
- *received the attorney's advice as to the specific course of conduct that was followed; and*
- *reasonably relied upon that advice in good faith.]*

(Adapted and consolidated from 2016 11th Cir. Crim. Instrs. S17 and S18.)

INSTRUCTION NO. 18

Medicare Drug Payment

Part B of the federal Medicare Act establishes the Medicare Part B program. The Medicare Part B program provides Medicare beneficiaries with healthcare insurance to pay for a variety of "outpatient" items and services. In general, "outpatient" items and services are those provided outside a hospital, such as in a doctor's office. The agency responsible for administering the Medicare Part B program is the Centers for Medicare and Medicaid Services ("CMS"), which is part of the U.S. Department of Health and Human Services.[1]

The Medicare Part B program covers many prescription drugs that a physician will use to treat patients in his or her office. These Medicare-covered prescription drugs include Avastin and Lucentis. In general, Medicare cannot pay for an item or service that is not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.[2]

For most covered drugs, Medicare Part B pays physicians using a system based on each drug's average sales price ("ASP").[3] The average sales price is based on each "dosage unit" of a drug.[4] The average sales price is calculated by taking the manufacturer's sales of a drug to all purchasers in the United States every three months, and then dividing that number by the total

---

[1] HHS, CMS Reorganization Order, 66 Fed. Reg. 35437 (July 5, 2001).

[2] 42 U.S.C. § 1395y(a)(1)(A).

[3] Adapted from HHS, Office of Inspector General, *Medicare Payments For Drugs Used to Treat Wet Age-Related Macular Degeneration* 2 (Apr. 2012), *available at* https://oig.hhs.gov/oei/reports/oei-03-10-00360.pdf.

[4] 42 U.S.C. § 1395w-3a(b)(1); 42 C.F.R. § 414.904(a).

number of units of the drug that the manufacturer sold during those three months.[5] As required by law, CMS sets a single national payment amount for most Part B-covered drugs at 106 percent of the volume-weighted average sales price.[6]

CMS contracts with private companies, known as contractors, to process and pay Medicare Part B claims, including claims for prescription drugs.[7] To obtain payment for covered outpatient prescription drugs, healthcare providers submit claims to their Medicare contractors using codes established by CMS, called Healthcare Common Procedure Coding System ("HCPCS") codes.[8] The HCPCS codes are related to another coding system known as "Current Procedural Terminology" or "CPT" codes. The terms "CPT" and "HCPCS" are sometimes used interchangeably to refer to the codes used to bill Medicare for healthcare services.

---

[5] Adapted from HHS, Office of Inspector General, *Medicare Payments For Drugs Used to Treat Wet Age-Related Macular Degeneration* 2 (Apr. 2012); *see also* 42 U.S.C. § 1395w-3a(c)(1).

[6] Adapted from HHS, Office of Inspector General, *Medicare Payments For Drugs Used to Treat Wet Age-Related Macular Degeneration* 2 (Apr. 2012).

[7] *Id.*

[8] *Id.*

INSTRUCTION NO. 19

CMS's Authority

When a statute is clear, CMS must follow the statute.[9] The Medicare laws do not allow the Government to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided.[10] As a result, the Centers for Medicare and Medicaid Services ("CMS") does not have the authority to regulate the practice of medicine or other health professions.[11]

When CMS or its contractors pay for prescription drugs covered by Medicare Part B, the average sales price statute only gives them two choices.[12] Either a drug is reasonable and necessary, or it is unreasonable or unnecessary.[13] If the drug is reasonable and necessary, Medicare Part B may cover each dosage unit of the drug at the statutory rate of 106% of the drug's average sales price.[14] If the drug is unreasonable or unnecessary, Medicare Part B cannot cover the drug at all.[15]

---

[9] *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016) ("Where a statute is clear, the agency must follow the statute.").

[10] 42 U.S.C. § 1395 ("Nothing in this title shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided . . . .").

[11] March 25, 2011 CMS FAQ (Q: "Will Medicare Part B pay for a drug from a single dose vial if it is administered to more than one beneficiary?" A: "[. . . ] We do not have the authority to regulate the practice of medicine or other health professions . . . .").

[12] *See Hays v. Sebelius*, 589 F. 3d 1279, 1283 (D.C. Cir. 2009) ("As written, the statute [*i.e.*, 42 U.S.C. § 1395w-3a] unambiguously authorizes the Secretary to make only a binary choice: either an item or service is reasonable and necessary, in which case it may be covered at the statutory rate, or it is unreasonable or unnecessary, in which case it may not be covered at all.").

[13] *See id.*

[14] *See id.*

[15] *See id.*

During the time period relevant to this case, CMS's policies neither encouraged nor prohibited the administration of more than one dose from a single dose vial to one or more beneficiaries.[16]

[16] March 25, 2011 CMS FAQ (Q: "Will Medicare Part B pay for a drug from a single dose vial if it is administered to more than one beneficiary?" A: "[. . . ] [O]ur policies neither encourage nor prohibit the administration of more than one dose from a single dose vial to one or more beneficiaries.").)

INSTRUCTION NO. 20

Defense Theory of the Case

[TBD]

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record for all parties.