**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-80049-CR-MARRA/MATTHEWMAN**

**UNITED STATES OF AMERICA,**

**v.**

**SALOMON E. MELGEN,**

**Defendant.**

______________________________________ /

**DR. MELGEN'S BRIEF CONCERNING THE ADMISSIBILITYOF STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 803(18)**

Dr. Salomon Melgen respectfully submits this brief to clarify the legal standard applicable to his cross-examination of prosecution expert Stuart L. Fine, M.D., specifically the introduction of publications concerning retinal disease and treatment under the hearsay exception of Federal Rule of Evidence 803(18) ("Statements in Learned Treatises, Periodicals, or Pamphlets"). Importantly, as acknowledged by the Eleventh Circuit, Rule 803(18) does not give dispositive effect to a cross-examined expert's view about the authoritativeness of the publication in question.

Under Rule 803(18), certain hearsay "statement[s] contained in a treatise, periodical, or pamphlet" may be admitted for their truth. *See* Fed. R. Evid. 803(18). Once the publication containing the statement is shown to be authoritative, it "may be read into evidence but not received as an exhibit." *Id.* "The Notes of the Advisory Committee counsel a liberal interpretation of Rule 803(18), favoring admissibility[.]" *Allen v. Safeco Ins. Co. of Am.*, 782 F.2d 1517, 1520 (11th Cir.), *unrelated holding vac'd on reh'g*, 793 F.2d 1195 (11th Cir. 1986). "[B]ecause the authoritativeness inquiry is governed by a 'liberal' standard, good sense would seem to compel recognizing some periodicals – provided there is a basis for doing so – as

sufficiently esteemed to justify a presumption in favor of admitting the articles accepted for publication therein." *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 172 (2d Cir. 2000) (citing *Allen*)).

As an initial matter, if the defense merely seeks to use the statement as impeachment evidence with Dr. Fine, and does not seek to admit it as substantive evidence, then Rule 803(18)'s requirements do not apply. *See Maggipinto v. Reichman*, 607 F.2d 621, 623-24 (3d Cir. 1979) (remanding malpractice case for clarification about whether trial court admitted treatises "for impeachment purposes only, or admitted them as substantive evidence under Rule 803(18)" (citation omitted)); *Warren v. Medlantic Health Grp., Inc.*, 936 A.2d 733, 747 (D.C. 2007) (applying federal Rule 803(18) and holding that trial judge "properly exercised her discretion in permitting cross-examination so long as it fell into the impeachment category, but disallowing use of the [challenged] statement as substantive evidence" under the Rule).[1]

---

[1] On remand in *Maggipinto*, the trial court confirmed that it "did not admit the treatises under Rule 803(18) but only allowed their use for impeachment purposes." 481 F.Supp. 547, 552 (E.D. Pa. 1979). The permissible impeachment included questions that directly quoted and referenced materials, even without seeking any ruling that the referenced treatise "was reliably authoritative":

- "Do you agree with this statement: 'Injury to the lingual nerve is not usually caused by the removal of a third molar, although it may occur if a tooth that erupts at the lingual surface of the jaw below the mylohyoid ridge must be removed. In ordinary cases injury of the lingual nerve would occur only by gross negligence, the slipping of a hand chisel or a lever used with uncontrolled application of excessive force.'"
- "Doctor, I show you a book which you have considered authoritative, 'Archer on Oral and Maxillofacial Surgery,' and it says, 'Complications,' and I refer you to 'Complications during or after removal of impacted malopposed or rudimentary teeth,' and can you tell me in the nineteen things that it mentions, does it mention a permanent injury to the lingual nerve?"

*Id.* at 549 (quoting trial record).

But if the defense seeks to admit the research conclusion as substantive evidence – *i.e.*, as a true statement – during Dr. Fine's cross-examination, it must follow Rule 803(18)'s two-step process.

***First***, the defense must first "call[] to [Dr. Fine's] attention" the statement in question. Fed. R. Evid. 803(18)(a). This "attention-calling" requirement means that the defense must ask Dr. Fine about his views of the specific passages that it seeks to admit as substantive evidence; the defense cannot merely inquire about Dr. Fine's views of the publication's general authoritativeness. *See Washington v. United States*, 884 A.2d 1080, 1098 (D.C. 2005) (holding that federal Rule 803(18) requires a cross-examining party to first "elicit the expert's interpretation" of the statements whose substantive admission is sought, because this is a "foundational requirement for reading the portions of the treatises offered as proof of the matter asserted"). "The failure to ask the expert specifically about the particular portion of" the publication would "deprive[] the witness of the opportunity to explain, counter or interpret those particular passages . . . that defense counsel want[s] to present to the jury." *See id.*

***Second***, the defense must establish "the publication" containing the statement "as a reliable authority." Fed. R. Evid. 803(18)(b). The publication's authoritativeness can be established either by Dr. Fine or "by another expert's testimony, or by judicial notice." *Id.* "The rule does not require that the witness rely upon or recognize the treatise as authoritative, thus avoiding the possibility that the expert may at the outset block cross-examination by refusing to concede reliance or authoritativeness." *Allen*, 782 F.2d at 1520 (quoting the Rule's Advisory Committee Notes). Rather, Rule 803(18) "is hinged upon" "allowing use of the treatise on cross-examination when its status as an authority is established *by any means* . . . ." *Id.* (quoting

Advisory Committee Notes) (emphasis added). Thus, Dr. Fine is not the arbiter of admissibility for the defense's proffered articles.[2]

Rule 803(18) explicitly permits the use of materials during cross-examination, and it applies to both sides of a case. Therefore, insofar as the defense seeks to admit statements as substantive evidence under Rule 803(18), instead of simply using them as impeachment, Dr. Melgen must be allowed to show that his proffered publications are authoritative, even before his experts testify. Indeed, as a criminal defendant, Dr. Melgen has no obligation to put on any case at all. If Dr. Fine refuses to concede the authoritativeness of any publication, then rather than waiting for Dr. Melgen's experts to testify and recalling Dr. Fine to resume his cross-examination, the Court may conditionally admit a proffered statement as substantive evidence under Rule 104(b), upon a defense proffer that Dr. Melgen's expert would testify that the publications are reliable authority under Rule 803(18)(b). *See* Fed. R. Evid. 104(b) ("Where the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. *The court may admit the proposed evidence on the condition that the proof be introduced later*." (emphasis added)); *e.g.*, *Hager v. Shanmugham*, 190 W. Va. 703, 710 (1993) (finding no error, under identical state Rule 803(18), in letting defendant use publications to cross-examine plaintiff's expert who refused to concede the publications' authoritativeness, because defense counsel proffered defense expert's future testimony on the issue and this expert eventually gave the proffered testimony).

---

[2] Of course, Dr. Fine's own cross-examination may well establish the authoritativeness of the publications in which the proffered materials are found. *See, e.g.*, *Allen*, 782 F.2d at 1519-20 (holding that expert provided sufficient foundation for cross-examining attorney to read magazine article's excerpts to jury, because expert testified that he relied on the magazine to keep abreast of developments in his field, that its articles were generally considered "somewhat authoritative," and that the specific author's academic department enjoyed a good reputation).

Respectfully submitted,

/s/Matthew Menchel
Matthew I. Menchel, Bar. No. 12043
KOBRE & KIM LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
(305) 967-6108 (tel)
(305) 976-6128 (fax)
Matthew.Menchel@kobrekim.com

Kirk Ogrosky (*pro hac vice*)
Murad Hussain (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5330 (tel)
(202) 942-5999 (fax)
Kirk.Ogrosky@apks.com
Murad.Hussain@apks.com

*Counsel for Defendant Salomon E. Melgen, M.D.*

March 19, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties.

/s/ Matthew I. Menchel
**KOBRE & KIM LLP**